UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

YANIEL GONZALEZ GARCA,

                    Petitioner,                    Case No. 1:26-cv-773

v.                                                 Hon. Hala Y. Jarbou

KEVIN RAYCRAFT et al.,

                    Respondents.
_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice for lack of jurisdiction. The Court will also dismiss Petitioner's motion to consolidate cases (ECF No. 4).

## **Discussion**

### I.      Relevant Background

Petitioner is a citizen of Cuba, who entered the United States on January 12, 2023. (Pet., ECF No. 1, PageID.8.) On December 14, 2025, Petitioner was arrested by ICE agents. (*Id.*) He was originally detained at North Lake Processing Center in Baldwin, Michigan. (*Id.*) However, he was transferred first to Louisiana, and then to Florence, Arizona, Port Isabel, Texas, and back to Florence, Arizona, before being "in transit" at the time that he filed his petition. (*Id.*, PageID.7, 9.)

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.25.)

## II.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443.

## III.    Discussion

On its face, the petition makes clear that Petitioner was not confined within this District at the time of filing. (Pet., ECF No. 1, PageID.7, 9.) The ICE Detainee Locator System indicates that Petitioner is presently confined in the Mahoning County Jail, located in Youngstown, Ohio. *See* Online Detainee Locator System, https://locator.ice.gov/odls/#/search (enter "A-Number" 244348603; enter "County of Birth," Cuba, select "Search by A-Number") (last accessed Mar. 11, 2026). Therefore, because this District is not "the district of confinement," this Court lacks

2

jurisdiction over Petitioner's petition for a writ of habeas corpus and will dismiss the petition without prejudice. *See* 28 U.S.C. § 2241(a); *Rumsfeld*, 542 U.S. at 442.

Petitioner has also filed a motion to consolidate this case with Case No. 2:26-cv-10797, filed in the United States District Court for the Eastern District of Michigan. (ECF No. 4.) In his motion, Petitioner acknowledges that "[t]his case was filed with the Western District in error, and due to the urgent nature of the situation, a case was also filed in the Eastern District of Michigan." (*Id.*, PageID.61–62.) Because this Court lacks jurisdiction over the petition, the Court will also dismiss Petitioner's motion to consolidate cases.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice for lack of jurisdiction. The Court will also enter an order dismissing Petitioner's motion to consolidate cases (ECF No. 4).

Dated: March 11, 2026                        /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE

3